IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**MICHAEL A. BORONDA,**

Plaintiff,

v.

**SARA MOYE; and JOSEPHINE COUNTY,**

Defendants.

Civil No. 11-3082-CL

**REPORT AND RECOMMENDATION**

CLARKE, Magistrate Judge.

Plaintiff Michael A. Boronda filed this action for certain alleged actions taken by defendants following termination of his employment with defendant Josephine County in 2008. He seeks damages, punitive damages, and costs and attorney's fees. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 2617. The parties have each filed a motion for partial summary judgment as to plaintiff's first claim for relief (#4, #11). For the reasons explained, the court recommends that plaintiff's motion for summary judgment as to his first claim be denied and defendants' motion be granted.

//

Page - 1

## FACTUAL BACKGROUND

Plaintiff was employed by defendant Josephine County from April 3, 2006, through March 5, 2008. On November 6, 2006, plaintiff was eligible to participate in the Oregon Public Service Retirement Plan and he began contributing six percent of his gross pay into the fund. Josephine County remits six percent of gross wages to the Public Employees Retirement System (PERS). (Moye Decl. & Ex. 1.)

In 2010, plaintiff commenced an action in United States District Court, Boronda v. Josephine County, 10-CV-3018-PA, alleging claims for violation of the Family Medical Leave Act. The parties reached a settlement agreement in that case which was memorialized in a "Settlement Agreement and Release in Full of All Claims" and signed on December 2, 2010 (Settlement Agreement). The Settlement Agreement provided in relevant part in section 1 "Settlement payment":

> [T]he County agrees to pay:
>     (a) to Employee the gross amount of $ 8,333.75, for back wages and benefits, less applicable Federal and State taxes, and which shall be reported on IRS Form W-2; and
>     (b) to Employee the amount of $ 8,333.75, in lieu of other statutory remedies claimed by Employee, and the County will make no deductions or withholdings from that non-wage payment, which shall be reported on an IRS Form 1099; and
>     (c) to Employee's attorney, David Force, the amount of $ 8,332.50, which will be designated as attorney's fees and the County will make no deductions or withholdings from that payment.

The Settlement Agreement further provided in section 15 "Indemnification" that, "In reliance on Employee's representations, the County agrees to pay to Employee the sum described above in Section 1(b) without making any employment-related deductions or withholdings." In Section 13 "Effective date of Agreement," it was provided that, "The settlement payment will be made

Page - 2

promptly upon this Agreement becoming fully effective." (Compl. Ex. A; Pl. Mem. Ex. A, Pl. Concise Statement Ex. A.)

Three checks were issued by Josephine County dated December 16, 2010. (O'Hare Decl. & Exs. 1-2.) The check to plaintiff for section 1(a) back wages and benefits was in the net amount of $5,044.78 due to deductions for federal and state taxes and for a deduction in the amount of $500.03 representing remittance of six percent of the gross wages to PERS. (O'Hare Decl. & Ex. 2.)

The amount of $500.03 deducted from plaintiff's settlement payment was posted by PERS on or about May 5, 2011. (O'Hare Decl. & Ex. 3 at 4,7.)

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a); Walls v. Cent. Contra Costa Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving party must carry the initial burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). The moving party meets this burden by identifying for the court portions of the record on file which demonstrate the absence of any genuine issue of material fact. Id.; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). In assessing

Page - 3

whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995). All reasonable inferences are drawn in favor of the non-movant. Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002).

If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts which show there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2); Auvil v. CBS "60 Minutes", 67 F.3d 816, 819 (9th Cir. 1995); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 & n.4 (1986). Summary judgment should be granted for the movant, if appropriate, in the absence of any significant probative evidence tending to support the opposing party's theory of the case. Fed. R. Civ. P. 56(e); THI-Hawaii, Inc. v. First Commerce Fin. Corp., 627 F.2d 991, 993-94 (9th Cir. 1980); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 290 (1968). Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. Devereaux, 263 F.3d at 1076.

## DISCUSSION

Plaintiff alleges in his first claim for relief that defendant Josephine County breached the Settlement Agreement by deducting and withholding from the agreed settlement payment the sum of $500.03 in addition to the federal and state taxes authorized and, despite repeated demands by plaintiff, defendant has refused to pay the full payment due him.

The settlement payment from which the $500.03 was deducted was for payment of "back wages and benefits, less applicable Federal and State taxes" provided by section 1(a) of the Settlement Agreement. (Ex. A.) Defendants offer evidence from Arthur O'Hare, Controller for Josephine County (County) who works in the County's Finance Office. He states he was instructed to pay, in part, gross wages of $8,333.75 representing back wages and benefits to plaintiff. Plaintiff does not dispute Josephine County is required by state law to remit six percent of gross wages to PERS, see ORS 238.705; OAR 459-070-0100, 459-070-0110, which in this case amounted to $500.03 from the back wages settlement payment.

The Settlement Agreement expressly provided as to the other two settlement payments– the section 1(b) non-wage settlement payment to plaintiff and the section 1(c) attorney's fees settlement payment to plaintiff's attorney–that each of those payments would have "no deductions or withholdings" from the payment. And, as defendants point out, a separate section, section 15, expressly provided the same as to the non-wage settlement payment to plaintiff. (Ex. A at 2, 5.) No similar language addressed the settlement payment for back wages and benefits in section 1(a).

Plaintiff argues that the disputed section 1(a) settlement payment was not "salary" within the meaning of the PERS statutes, or a "retroactive payment" within the statutes, and characterizes his section 1(a) settlement payment as consideration for the release of his claims in the prior proceeding. However, the Settlement Agreement clearly states the section 1(a) settlement payment is for back wages and benefits and allows for withholding of federal and state taxes. It also provides these amounts will be reported on "IRS Form W-2," which is the

Page - 5

form used by employers to report wages and compensation and tax withholding to the Internal Revenue Service.

Plaintiff further argues that he was not an employee at the time the payment was made, he is not a member of the PERS fund, and he cannot recover the money remitted to PERS. The emails between Mr. O'Hare and PERS attached to Mr. O'Hare's declaration show that PERS was aware the PERS money was from a settlement payment. The emails indicate that the PERS money was credited for periods at the end of plaintiff's employment with Josephine County in 2008 when plaintiff was an active member of PERS and it appears his termination date was changed in the system to July 2008. Plaintiff states in his affidavit that he was told by PERS that he could not establish an account and there was no money designated for him; his counsel states in his September 26, 2011, affidavit that he had conversations with County representatives through April 2011 about the PERS money. However, defendants' evidence shows that the $500.03 PERS money was posted as a retroactive payment for plaintiff on May 5, 2011. Plaintiff offers nothing to show that since the PERS money was posted in his name in May, he has attempted to withdraw the PERS money from PERS and has been unable to do so.

The court is satisfied on the record before it that plaintiff received the settlement payments due him under the Settlement Agreement and that defendant did not breach the agreement. Accordingly, plaintiff's motion for summary judgment as to his first claim should be denied and defendants' motion should be granted.

//

//

## RECOMMENDATION

Based upon the foregoing, the court recommends that plaintiff's motion for partial summary judgment on plaintiff's first claim for relief (#4) be denied and defendants' motion for partial summary judgment on plaintiff's first claim for relief (#11) be granted.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by January 9, 2012 If objections are filed, any response to the objections are due by January 26, 2012,* see Federal Rules of Civil Procedure 72 and 6.

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 22 day of December 2011.

MARK D. CLARKE
United States Magistrate Judge