IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**MICHAEL A. BORONDA,**

Plaintiff,

v.

**SARA MOYE; and JOSEPHINE COUNTY,**

Defendants.

Civil No. 1:11-cv-3082-CL

**REPORT AND RECOMMENDATION**

CLARKE, Magistrate Judge.

This matter comes before the court on plaintiff's motion for leave to file an amended complaint (#36), which is opposed by defendants. For the reasons explained, plaintiff's motion should be granted in part and denied in part.

**LEGAL STANDARD**

Leave to amend should be "freely give[n]" "when justice so requires." Fed. R. Civ. P. 15(a)(2); Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999). The court considers four factors in determining whether to allow an amendment: "(1)

Page - 1

bad faith on the part of the plaintiffs; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." Lockheed Martin, 194 F.3d at 986.

## DISCUSSION

In his initial complaint, plaintiff alleged as his first claim for relief that defendant Josephine County breached the settlement agreement by deducting and withholding from the agreed settlement payment the sum of $500.03 in addition to the federal and state taxes authorized and, despite repeated demands by plaintiff, defendant had refused to pay the full payment due him. Judge Panner adopted this court's recommendation that defendant's motion for partial summary judgment as to this claim for breach of settlement agreement be granted and that plaintiff's cross-motion on the claim be denied.

Plaintiff now seeks to amend his complaint to substitute as the first claim an Oregon statutory claim against defendant Josephine County in place of the breach of contract claim dismissed by the court. His proposed claim for violation of statute alleges:

> Pursuant to ORS 652.610(3), defendant Josephine County was prohibited from withholding deducting or diverting any portion of the plaintiff's back wages other than the Federal and state income taxes to which he had consented to deduction. Defendant withheld, deducted and diverted $500.03 from the portion of the settlement for back wages and benefits in violation of ORS 652.610(3).

(Pl. Mot. for Leave to File Am. Compl. Att. Proposed Am. Compl. ¶3.) Plaintiff contends that Oregon law forbids an employer, including a municipal corporation, from withholding, diverting, or deducting sums from wages except for certain exceptions, which he asserts do not apply to the deduction at issue here. However, the statute allows an employer to withhold, deduct, or divert from wages where, "The employer is required to do so by law." ORS 652.610(3)(a). Here, the court has already determined on defendant's motion for partial summary judgment that the PERS

Page - 2

deduction from plaintiff's back wages and benefits made here was authorized by law. This court specifically stated in its Report and Recommendation that, "Plaintiff does not dispute Josephine County is required by state law to remit six percent of gross wages to PERS, see ORS 238.705; OAR 459-070-0100, 459-070-0110, which in this case amounted to $500.03 from the back wages settlement payment." (#25 Report and Recommendation at 4.) Accordingly, plaintiff's amendment to add a claim for violation of ORS 652.610(3) would be futile. Futility of a proposed amendment, alone, supports denial of a motion to amend. U. S. *ex rel.* Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001) (citing Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995)). Plaintiff's motion to amend to substitute as his first claim a claim for violation of statute, ORS 652.610, against defendant Josephine County should be denied.

Plaintiff also seeks leave to amend the economic damages claimed in the second and fourth claims for relief. Defendants argue the amendment is not necessary and is, therefore, futile. The court agrees that it is not necessary to amend a complaint to place an outer limit on damages. However, if plaintiff wishes to amend to so state in his complaint, his motion to amend in this regard should be granted.

## RECOMMENDATION

Based upon the foregoing, the court recommends that plaintiff's motion for leave to file amended complaint (#36) be denied as to the proposed claim for relief for violation of ORS 652.610 and be granted as to the economic damages claimed in the second and fourth claims; and if the court orders the complaint be amended as recommended, the amended complaint be due within ten (10) days after the court's order.
Page - 3

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by June 29, 2012 If objections are filed, any response to the objections are due by July 16, 2012*, see Federal Rules of Civil Procedure 72 and 6.

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this \_\_11\_\_ day of June 2012

_____
MARK D. CLARKE
United States Magistrate Judge

Page - 4