IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION


MICHAEL A. BORONDA,                                   Case No. 1:11-cv-3082-CL

                    Plaintiff,

                                                      REPORT & RECOMMENDATION

          v.

SARA MOYE and JOSEPHINE COUNTY, a
political subdivision of the State of Oregon,

                    Defendants.
_____

CLARKE, Magistrate Judge.

        Plaintiff Michael Boronda ("plaintiff") brings this action against defendants Josephine

County and Sara Moye, Josephine County's Human Resources Director ("defendants"), alleging

First Amendment retaliation, denial of equal protection, Family Medical Leave Act ("FMLA")

retaliation, and intentional interference with a business contract.  Before the court is defendants'

motion for summary judgment (#52).  Oral argument occurred on January 17, 2013.  For the

reasons stated below, defendants' motion should be GRANTED.

## FACTUAL BACKGROUND

The following facts are taken in the light most favorable to plaintiff:

Plaintiff was employed by defendant Josephine County as a roadworker, beginning on May 9, 2006. Am. Compl., ¶ 2. Plaintiff was terminated on March 5, 2008. Id. Following plaintiff's employment with Josephine County, plaintiff was employed by Express Personnel ("Express"), a temporary employment agency for construction workers. Id.

On February 19, 2010, plaintiff sued Josephine County in federal district court, alleging that he was terminated for taking leave under FMLA. Boronda v. Josephine Cnty., No. 1:10-CV-3018-PA. On December 12, 2010, prior to a ruling on the merits, the parties participated in a settlement conference before the Honorable Thomas Coffin. Am. Compl., ¶ 2. The parties reached an agreement at the settlement conference. Id., ¶ 3. After the settlement agreement was reached, however, plaintiff, through his attorney, contacted defendant Josephine County and stated that the amount paid to him on the settlement agreement was incorrect. Id., ¶ 4. Plaintiff argued that the deduction of $500.03 (6% of his wages) taken pursuant to Oregon's Public Employees' Retirement System ("PERS") from the settlement amount designated for back wages and benefits violated the terms of the settlement agreement. Id. Plaintiff then sent letters to defendant Josephine County and the Department of General Services of the State of Oregon, stating that defendant Josephine County owed plaintiff $500.03, and that plaintiff would commence a lawsuit if the amount were not paid. Id., ¶ 4.

In April 2011, while plaintiff's dispute regarding the PERS deduction was ongoing, plaintiff was assigned by Express to Ausland Construction ("Ausland") for remodeling work Ausland was performing on the Josephine County Courthouse. Am. Compl., ¶ 2. The project was administered by the State of Oregon Department of Administrative Services. Brust Depo.

pp. 5-7. Plaintiff worked one shift on the project, starting late on April 6, 2011 and working into the morning. Boronda Depo., p. 36. Plaintiff performed work in the basement of the courthouse, helping to remove the ceiling in preparation for installation of a new fire sprinkler system. Id. at 45. A number of Josephine County offices are located in the basement, including the treasurer, assessor, surveyor, forestry, and the veterans affairs offices. Brust Depo., pp. 7-8; Moye Depo., p. 11; Am. Compl., ¶2.

On April 7, 2011, Kirk Brust, the trial court administrator for the Josephine County Circuit Court, ran criminal background checks on plaintiff and other workers on the project. Brust Depo., pp. 5-7. Plaintiff passed the check, and Brust sent plaintiff's name along with other approved names to the County's human resources office to make security clearance badges for the workers. Moye Depo., pp. 19. Defendant Sara Moye recognized plaintiff's name, and informed Brust that plaintiff was involved in a pending dispute with the County. Id. at 19-21. Defendant Moye, concerned that plaintiff would have access to sensitive and confidential County information, requested that plaintiff not be approved to work in the courthouse.[1] Moye Depo. Ex. 2. Brust told Ausland that he was revoking plaintiff's security clearance, and Ausland subsequently took plaintiff off the job. Brust Depo., pp. 15-16; Am. Compl., ¶ 2. Plaintiff continued to receive jobs assigned to him by Express, though the subsequent assignments did not pay as well as the Ausland assignment. Boronoda Depo., pp. 22-23; Boronda Aff. p. 6.

### STANDARD

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The

---

[1] Defendants argue that Moye only requested that plaintiff not be allowed access to the County offices, not the entire courthouse.

moving party has the initial burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting Anderson, 477 U.S. at 248).

When a properly supported motion for summary judgment is made, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. Anderson, 477 U.S. at 250. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. Devereaux, 263 F.3d at 1076. Put another way, summary judgment should be granted when the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. Anderson, 477 U.S. at 252. In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995).

## DISCUSSION

### I.    First Amendment Retaliation Claim.

Plaintiff's first claim alleges that defendants retaliated against him for disputing the PERS deduction from his settlement. Plaintiff cites to Board of County Commissioners of Wabaunsee County, Kansas v. Umbehr for the proposition that "continued employment by a

government contractor is protected against interference because of plaintiff's speech." Pltf. Memo, p. 11 (citing Bd. of Cnty. Comm'rs of Wabaunsee Cnty., Kan v. Umbehr, 518 U.S. 668, 674 (1996)).  Plaintiff argues that his dispute about the PERS deduction was protected speech, and that defendants wrongly had plaintiff's assignment by Express to Ausland terminated in retaliation for this speech.  In response, defendants argue that plaintiff's speech was not protected, and that plaintiff did not have a valuable government interest in his assignment to Ausland.

    As an initial matter, the court finds plaintiff's reliance on Umbehr to make a First Amendment retaliation claim misplaced.  Plaintiff alleges that under Umbehr, his temporary assignment with Ausland was a "valuable government benefit" that defendants could not deny on a basis that infringed his constitutionally protected freedom of speech.  However, Umbehr and the other cases cited by plaintiff for this proposition provide that *independent government contractors* may not have their contracts terminated for participating in protected speech. Umbehr, 518 U.S. at 668, see also O'Hare Truck Serv., Inc. v. City of Northlake, 518 U.S. 712, 720 (1996); Rivero v. City & Cnty. of S.F., 316 F.3d 857, 860 (2002).  Plaintiff was not an independent government contractor; rather, he was assigned as a temporary employee to a company that held a government contract.  Plaintiff does not cite to, nor is the court aware, of any cases from this circuit holding that a temporary employee assigned to an independent government contractor is protected against interference because of his speech.

    Even if plaintiff were considered an independent government contractor or public employee, however, plaintiff's First Amendment retaliation claim would fail.  To establish such a claim, the plaintiff must show that (1) he engaged in protected speech; (2) the government employer took an "adverse employment action" against the employee; and (3) that the protected

speech was a "substantial or motivating factor" for the adverse employment action. Coszalter v. City of Salem, 320 F.3d 968, 973 (9th Cir. 2003).

An employee's speech is protected if it relates to a matter of public concern. Umbehr, 518 U.S. at 668. Whether speech addresses a matter of legitimate public concern is a question of law for the court. In its analysis, a court considers a given statement's content, form, and context. Connick v. Myers, 461 U.S. 138, 147-148 (1983). The essential question is "whether the speech addressed matters of 'public' as opposed to 'personal' interest." Desrochers v. City of San Bernandino, 572 F.3d 703, 709 (9th Cir. 2009) (citing Connick, 461 U.S. at 147). Generally, "[s]peech that is necessary or appropriate to enable citizens to make informed decisions about the operation of their government is of public concern, while speech by public employees addressing individual personnel disputes and grievances is not." Pool v. VanRheen, 297 F.3d 899, 906 (9th Cir. 2002) (citing McKinley v. City of Eloy, 705 F.2d 1110, 1114 (9th Cir. 1983)). In "close cases" where the statement is "only marginally related to issues of public concern, the fact that [the speech] was made because of a grudge or other private interest or to co-workers rather than to the press may lead the court to conclude that the statement does not substantially involve a matter of public concern." Johnson v. Multnomah Cnty., 48 F.3d 420, 425 (9th Cir. 1995).

The speech at issue in this case does not address a matter of public concern. Plaintiff's disagreement with defendant Josephine County about the $500.03 PERS deduction from his settlement agreement is not relevant to the public's ability to evaluate Josephine County's performance. As defendants point out, the speech was not related to the merits of plaintiff's original lawsuit with the County, but rather about the PERS deduction from his settlement of the lawsuit. The court has previously determined that this deduction was lawful, Boronda v. Moye,

No. 1:11-CV-3082-CL, 2012 WL 3069678 (D. Or. July 27, 2012), and thus the dispute about the deduction is not relevant to the public's determination of whether the county acted in accordance with law. Additionally, even if the PERS deduction from plaintiff's settlement were marginally related to an issue of public concern, the audience for the statement indicates that plaintiff's speech is not protected. Plaintiff did not write a letter to a newspaper or make a public statement contesting the fact that settlement agreements in employment cases may be subject to PERS deductions; rather, he told defendant Josephine County and the Department of General Services of the State of Oregon that the deduction in his case was inappropriate. Defendants' motion for summary judgment as to plaintiff's First Amendment retaliation claim should be GRANTED.

## II.     Equal Protection Claim.

Plaintiff's second claim alleges that defendants retaliated against him for the settlement of his lawsuit and dispute about PERS by preventing him from working on the courthouse project, violating his "class-of-one" equal protection rights. Defendants argue that plaintiff does not establish the prima facie elements of such a claim.

The Equal Protection Clause ensures that "all persons similarly situated should be treated alike," City of Cleburne v. Clebrune Living Ctr., Inc., 473 U.S. 432, 439 (1985), and protects groups, as well as individuals constituting a "class of one." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). To establish a class-of-one equal protection claim, a plaintiff has the burden to prove that she was intentionally treated differently than other similarly-situated persons without a rational basis. Id. If the government provides a rational basis for its actions, a plaintiff may show that the government's basis is pretext for an impermissible motive. Engquist v. Or. Dept. of Agric., 478 F.3d 985, 993 (9th Cir. 2007). A plaintiff may demonstrate pretext by showing that "(1) the proffered rational basis was objectively false; or (2) the defendant actually

acted based on an improper motive." Squaw Valley Dev. Co. v. Goldberg, 375 F.3d 936, 946 (9th Cir. 2004) (abrogated on another grounds as noted by Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd., 509 F.3d 1020, 1025 (9th Cir. 2007)).

Plaintiff's claim fails at the outset because he cannot demonstrate that he was treated differently from others similarly situated. Plaintiff alleges he was denied the opportunity to work on the courthouse project after initially passing the background check, while other Ausland employees who passed the initial background check were granted clearance. However, the other Ausland employees who passed the initial background check did not have ongoing disputes with the County. In a class-of-one claim, a plaintiff must demonstrate that he was treated differently than others similarly situated to him in all relevant respects. Westwood v. City of Hermiston, 787 F.Supp.2d 1174, 1203-1204 (D. Or. April 15, 2011) (aff'd, No. 11-35419, 2012 WL 5837631 (9th Cir. Oct. 23, 2012)); see also Engelbrecht v. Clackamas Cnty., 2006 WL 2927244 (D. Or. Oct. 11, 2006) ("[T]he standard for determining whether another person's circumstances are similar to the plaintiff's must be whether they are 'prima facie identical'" (quoting Neilson v. D'Angelis, 409 F.3d 100, 106 (2nd Cir. 2005)). Plaintiff has failed to show that other workers with ongoing disputes with the County would have been allowed full access to the courthouse.

Plaintiff's equal protection claim also fails, however, because plaintiff cannot demonstrate that defendants' rational basis was pretext for retaliation. To prove the rational basis element of a "class-of-one" claim, a plaintiff must negate "any reasonably conceivable set of facts that could provide a rational basis for the classification." Bd. of Trustees v. Garrett, 531 U.S. 356, 367 (2001) (citations omitted). Here, plaintiff had a dispute about the deduction of PERS from his settlement and had stated that he would sue defendant Josephine County if it was not resolved. It was certainly rational for defendants to deny plaintiff access to the courthouse,

and there is no evidence that this basis was false or otherwise improper. Plaintiff argues that

there is a question of fact as to whether defendants acted to punish plaintiff for bringing the

initial lawsuit and/or disputing the settlement deduction. The court disagrees. Defendant Moye

stated that she requested that Brust not grant plaintiff access because they "had a settlement

agreement that was currently being disputed." Moye Depo. Tr. 21. Plaintiff has not pointed to

evidence indicating that this testimony is false. On a summary judgment motion, the opposing

party must designate specific facts which show there is a genuine issue for trial. Devereaux, 263

F.3d at 1076. Because plaintiff has failed to produce evidence that similarly situated persons

were treated differently or show that the rational basis for treatment was pretextual, the court

recommends that defendants' motion for summary judgment on this claim be GRANTED.

### III.    FMLA Retaliation Claim.

Plaintiff's third claim is for retaliation under FMLA. Plaintiff alleges that "defendant

Josephine County has discriminated against plaintiff by depriving him of his right to

employment by a private third party, because he had caused to be instituted claims for violation

of his FMLA rights." Am. Compl., ¶ 10. Defendants argue that their request to have plaintiff's

access to the courthouse denied was not retaliatory.

FMLA was designed to provide job security to employees who must be absent from work

because of their own illnesses, to care for ill family members, or to care for new babies.

Bachelder v. Am. W. Airlines, Inc., 259 F.3d 1112, 1119 (9th Cir. 2001). To achieve this

objective, Congress made it unlawful for an employer "to interfere with, restrain, or deny the

exercise of or the attempt to exercise, any right provided" under FMLA. Id. at 1122. Plaintiff

brings his FMLA retaliation claim under 29 U.S.C. § 2615(b)(1), which "prohibits discrimination

against any individual for instituting or participating in FMLA proceedings or inquiries." Id. at

1124. "FMLA proceedings" for the purposes of 29 U.S.C. § 2615(b)(1) include bringing a

federal lawsuit alleging FMLA violations. Jadwin v. Cnty. of Kern, 610 F. Supp. 2d 1129, 1171

(E.D. Cal. April 8, 2009).  To establish a prima facie case of FMLA retaliation, plaintiff must

demonstrate that (1) he participated in a FMLA proceeding; (2) he was subject to an adverse

employment action; and (3) the adverse employment action occurred because plaintiff engaged

in a protected activity.  Washington v. Fort James Operating Co., 110 F. Supp. 2d 1325, 1330 (D.

Or. 2000) (citing Morgan v. Hilti, 108 F.3d 1319, 1325 (10th Cir. 1997).

     Although an open issue in the Ninth Circuit[2], the courts in this district have applied the

McDonnell Douglas burden-shifting analysis to FMLA retaliation claims.  Christenson v. Boeing

Co., Civ. No. 03-1800-HA, 2004 WL 2110707 at *4 (D. Or. Sept. 22, 2004); Bourgo v. Canby

School Dist., 167 F. Supp. 2d 1173, 1179 (D. Or. 2001); Fort James Operating Co., 110 F. Supp.

2d at 1330.  Under this analysis, if a plaintiff establishes a prima facie case of retaliation, the

burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for the

adverse employment action.  Fort James Operating Co., 110 F. Supp. 2d at 1330.  If the

employer does so, the burden shifts back to the plaintiff to prove that the employer's articulated

reason is pretext for retaliation.  Id.

     In this case, plaintiff cannot establish a prima facie case of FMLA retaliation.  While

plaintiff engaged in a protected right by filing a lawsuit alleging FMLA violations and was taken

off the courthouse project, he does not allege facts demonstrating that he was removed from the

courthouse project because he asserted a protected right under FMLA.  Defendant Moye stated in

her deposition that she requested that Brust not grant plaintiff full access to the courthouse

---

[2] In the 2001 case Bachelder v. America West Airlines, Inc., the Ninth Circuit held that the McDonnell Douglas analysis does not apply to §2615(a)(1) anti-interference claims, but declined to reach the issue of whether the McDonnell Douglas analysis applies to §2615(b) and §2615(a)(2) anti-retaliation claims. 259 F.3d at 1125, n. 11 ("Whether or not the McDonnell Douglas anti-discrimination approach is applicable in cases involving the 'anti-retaliation' provisions of FMLA, is not a matter we need consider here").

Page 10 – REPORT AND RECOMMENDATION

because they "had a settlement agreement that was currently being disputed." Moye Depo. Tr. 21. Plaintiff points to no evidence contradicting defendant Moye's testimony that her request was solely in response to plaintiff's objections to the PERS deduction from his settlement. Because Moye's request that plaintiff not be approved to work in the courthouse was not due to the merits of the plaintiff's FMLA dispute, but rather about the deduction of $500.03 from plaintiff's settlement agreement, plaintiff cannot establish the causation element of a prima facie case.

Even if plaintiff were able to establish a prima facie case of retaliation, defendants have presented a legitimate, nondiscriminatory reason for their request. As stated above, the courthouse contained County offices with confidential files, and plaintiff had threatened to sue the County because of the PERS deduction from his settlement agreement. Given the nature of plaintiff's relationship with defendants, defendant Moye's request was reasonable. Plaintiff has not presented evidence that this explanation is pretextual. The court recommends that defendants' motion for summary judgment as to plaintiff's FMLA retaliation claim be GRANTED.

### IV.   Contractual Interference Claim.

Plaintiff's fourth claim is a state tort claim alleging that defendant Josephine County interfered with his contractual relationship with Express and Ausland. To establish an intentional interference with contractual relations claim in Oregon, plaintiff must prove "(1) the existence of a professional or business relationship…, (2) intentional interference with that relationship, (3) by a third party, (4) accomplished through improper means or for an improper purpose, (5) a causal effect between the interference and damage to the economic relationship,

and (6) damages." McGanty v. Staudenraus, 321 Or. 532, 535 (1995) (en banc).  In order to

prove the fourth element, a plaintiff must establish

> not only...that defendant intentionally interfered with his business relationship
> but also that defendant had a duty of non-interference; i.e., that he interfered for
> an improper purpose rather than for a legitimate one, or that defendant used
> improper means which resulted in injury to plaintiff.  Therefore, a case is made
> out which entitles plaintiff to go to a jury only "when interference resulting in
> injury to another is wrongful by some measure beyond the fact of the interference
> itself."

Straube v. Larson, 287 Or. 357, 361 (1979) (quoting Top Serv. Body Shop v. Allstate Ins. Co.,

283 Or. 201, 209 (1978)).  Improper means or purpose may be wrongful by "reason of statutory

law or common law, and include 'violence, threats, intimidation, deceit, misrepresentation,

bribery, unfounded litigation, defamation, and disparaging falsehood.'  That is, the means must

be wrongful in some manner other than simply causing the damages claimed as a result of the

conduct."  Douglas Med. Ctr., LLC, v. Mercy Med. Ctr., 203 Or. App. 619, 634 (2006) (citing

Conklin v. Karban Rock., Inc., 94 Or. App. 593, 601 (1989)).

     Plaintiff alleges that defendant Josephine County acted with improper means by

requesting that plaintiff not be approved to work in the courthouse, because the request resulted

in Brust withdrawing a security clearance that he had already granted.  Plaintiff alleges that this

"falsely implied that plaintiff had a criminal history that disqualified him from employment on

government projects," effectively blacklisting plaintiff. Am. Compl., ¶15.  Plaintiff also alleges

defendant Josephine County acted with the purpose to blacklist plaintiff and bar him from

employment on prevailing-wage construction projects.  Id., ¶16.

     Plaintiff cannot establish an intentional interference with contractual relations claim.

First, there is no evidence indicating that defendant Moye had any way of knowing that Express

could not simply assign plaintiff to another job with Ausland.  Additionally, plaintiff cannot

establish that defendants acted using improper means or for an improper purpose. Plaintiff does not establish how the revocation of his security clearance blacklisted him from other employment. There is no evidence in the record that defendants publicized the revocation of plaintiff's security clearance, or that the incident would show up when other employers ran security checks of plaintiff. The record also does not demonstrate that Defendant Moye acted with the intent to blacklist plaintiff. Defendant Moye stated that she requested that plaintiff's security clearance be revoked because she wanted to protect potentially sensitive material within the courthouse. There are no facts in the record allowing the court to infer that this statement was false. Summary judgment as to plaintiff's contractual interference claim should be GRANTED.

## RECOMMENDATION

For the reasons stated above, the motion for summary judgment filed by defendants should be GRANTED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due fourteen (14) days from today's date. If objections are filed, any response to the objections is due fourteen (14) days from the date of the objections. *See* FED. R. CIV. P. 72, 6.

DATED this _____ day of February 2013.

_____
MARK D. CLARKE
United States Magistrate Judge